UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ADEMOLA OLUWO,

                              Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer THELMA L. MOSLEY-LAWRENCE, Shield No. 26729; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------x

CV 13 510

**COMPLAINT**

Jury Trial Demanded

FEUERSTEIN, J

WALL, M.J.

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Ademola Oluwo ("plaintiff" or "Mr. Oluwo") is a resident of Kings County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.  Defendant Police Officer Thelma L. Mosley-Lawrence, Shield No. 26729 ("Mosley-Lawrence"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mosley-Lawrence is sued in her individual and official capacities.

9.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. Plaintiff is a forty-seven year old man with no criminal record. He possesses advanced degrees and has worked, as an executive, for over twenty years at the same insurance company.

13. At approximately 5:04 p.m. on June 15, 2011, plaintiff was lawfully within the vicinity of Dean Street and Grand Avenue in Brooklyn, NY.

14. Plaintiff was attending religious services at a mosque.

15. Plaintiff, who was dressed in religious garb, exited the mosque and saw defendant officer Mosely-Lawrence.

16. Mosely-Lawrence ordered plaintiff to move a car that was parked in front of the mosque.

17. Plaintiff attempted to comply but Mosely-Lawrence was blocking his way.

18. Mosely-Lawrence stopped plaintiff and told him to exit the vehicle.

19. Officer Mosely-Lawrence asked to see plaintiff's driver's license and registration.

20. At that point, plaintiff realized that he left his driver's license at home.

21. Plaintiff offered to go home to retrieve his license but defendant Mosely Lawrence refused to let him leave.

22. Meanwhile, several worshipers from the mosque confirmed plaintiff's identity.

23. Plaintiff furnished his registration and another forms of identification and Mosely-Lawrence ran his plates.

24. Despite the fact that he had no outstanding warrants or parking tickets, Mosely-Lawrence placed plaintiff under arrest.

25. Mosely-Lawrence falsely claimed that plaintiff had committed violations and offenses to cover up the fact that she was harassing and arresting plaintiff based on his religion.

26. Plaintiff was eventually taken to the police precinct.

27. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit two traffic violations and act in a disorderly manner.

28. At no point did the officers observe plaintiff commit any crimes or violations.

29. Plaintiff was not issued a desk appearance ticket but was instead taken to Brooklyn Central Booking.

30. Plaintiff was subsequently arraigned in Kings County Criminal Court.

31. After several court appearances, all of plaintiff's criminal charges were dismissed.

32. After approximately thirty-six hours in custody, plaintiff was released.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Malicious Prosecution

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical,

mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Malicious Abuse Of Process

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants issued legal process to place Plaintiff under arrest.

46. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

47. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

51. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

52. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### SIXTH CLAIM
### Failure To Intervene

53.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

56.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:  January 28, 2013
        New York, New York

                                            _____
                                            Robert Marinelli
                                            299 Broadway, Suite 1501
                                            New York, New York 10007
                                            (212) 822-1427

                                            *Attorney for plaintiff*